```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
DIANA CRUZ,                                                   :
                              Plaintiff,                      :
                                                              :     19 Civ. 7474 (LGS)
             -against-                                        :
                                                              :     ORDER
COMMISSIONER OF SOCIAL SECURITY,                              :
                              Defendant.                      :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, on September 1, 2022, Plaintiff filed a motion for attorneys' fees. On March 27, 2023, Magistrate Judge Gary R. Jones issued a report and recommendation (the "Report") recommending that Plaintiff's motion be granted in part and denied in part. The Report recommends that Plaintiff's counsel receive fees at a rate of $209 per hour for the following work: 2.2 hours of preparation prior to the filing of the case, 24 hours for litigation that led to a remand to the Administrative Law Judge ("ALJ") for further proceedings, 40 hours for work performed after the remand and 4.4 hours for the preparation of the fee application. In total, the Report recommends an award of $14,755.40.

  WHEREAS, Plaintiff filed a timely objection to portions of the Report, and Defendant filed a response to Plaintiff's objections.

  WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b)(3); *accord Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). "[W]here no timely objection has been made, a district court need only satisfy itself that there is no

clear error on the face of the record." *Jones v. Berryhill*, No. 18 Civ. 11233, 2020 WL 1503507, at *1 (S.D.N.Y. Mar. 30, 2020).[1]

WHEREAS, Plaintiff objects to the Report's recommendation of a fee award for forty hours for work performed after the remand, rather than the requested 61.5 hours. To arrive at forty hours, the Report reasons that courts in the Second Circuit typically award fees for only twenty to forty hours of work in Social Security disability cases. The Report concludes that deviation from this benchmark is unwarranted because (1) this case did not present novel or complex issues, (2) Plaintiff's counsel is experienced in this area of law and (3) some of the hours reflect duplicative efforts.

WHEREAS, upon de novo review, Plaintiff's arguments are unpersuasive. First, Plaintiff argues that the twenty-to-forty-hour benchmark does not apply, because "much of" the requested time following remand included administrative proceedings. This argument fails, first, because only about ten percent of the 61.5 hours consist of administrative proceedings. This argument further fails because the Report recommends an award at the very high end of the benchmark range. *See Padula v. Colvin*, 602 F. App'x 25, 28 (2d Cir. 2015) (summary order) (describing the "typical[] award for routine social security cases" as twenty to forty hours). Next, Plaintiff argues this case presented novel and complex issues. This argument fails because this case featured standard forms of evidence in Social Security cases, including medical expert testimony, and standard arguments regarding Plaintiff's impairments and whether they are equivalent to qualifying impairments listed in regulations issued by the Social Security Administration. Plaintiff's argument regarding the Report's comments on the experience of counsel fails because the Report did not reduce the award of hours due to counsel's experience, as the cases Plaintiff cites warn against. *See*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

*Holman v. Comm'r of Soc. Sec.*, No. 19 Civ. 4393, 2021 WL 9036256, at *3 (S.D.N.Y. July 19, 2021) ("[C]ourts in this District have rejected the notion that experience alone should justify a reduction of hours."); *Coughlin v. Astrue*, No. 6 Civ. 497, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009) ("When deciding what amount is appropriate, the court will not compensate or penalize counsel for her expertise."); *see also Daily v. Comm'r of Soc. Sec.*, No. 18 Civ. 1080, 2020 WL 1322528, at *3 (S.D.N.Y. Mar. 19, 2020) (declining to reduce fees on grounds that counsel was an experienced Social Security practitioner). Instead, the Report notes that an experienced practitioner should have been able to present Plaintiff's case more efficiently, particularly given the substantive similarity of the issues on remand. Finally, Plaintiff's argument that the Report erred by reducing hours based on the presence of multiple lawyers on the case fails because the record here indicates duplicative efforts. Plaintiff's time entries reflect research and drafting by Daniel Jones and Daniel Berger that produced briefs making largely similar arguments before and after remand.

       WHEREAS, Plaintiff does not object to the remaining portions of the Report, including a reduction of time spent prior to the commencement of the litigation. The Court finds no clear error in these recommendations or any other portion of the Report.

       WHEREAS, Plaintiff also seeks fees for 1.9 hours spent filing objections to the Report. Although these efforts were unsuccessful, Second Circuit law allows a prevailing party to recover for unsuccessful motions brought while litigating a claim. *See Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 23 (2d Cir. 2015) (summary order) ("While a district court should not award fees for unsuccessful *claims* that are separable from Plaintiffs' successful claims, . . . there is no rule that Plaintiffs need achieve total victory on every motion in pursuit of a successful claim in order to be compensated for the full number of hours spent litigating that claim."); *accord Webber v. Dash*, No. 19 Civ. 610, 2022 WL 2751874, at *10 (S.D.N.Y. July 14, 2022) ("[A] prevailing party need not

achieve success on every motion to recover time devoted to such motion."). These additional fees are $397.10, representing 1.9 hours of work at $209 per hour. It is hereby

**ORDERED** that the Report is **ADOPTED** in full; Plaintiff's counsel shall recover attorneys' fees of $14,755.40 for work on this case up to the filing of the Report. In addition, Plaintiff's counsel shall recover $397.10 for work related to filing objections to the Report. In total, Plaintiff's counsel is awarded fees in the amount of $15,152.50.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 51 and to terminate the case.

Dated: June 30, 2023
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**